UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:14-CV-62567

TRACY SANBORN and LOUIS
LUCREZIA, on behalf of themselves and all
others similarly situated,

               Plaintiffs,

   v.

NISSAN NORTH AMERICA INC.,

               Defendant.

**FINAL ORDER AND JUDGMENT**

THIS CAUSE came before the Court upon the Parties' Joint Motion for Final Approval of Class Settlement (ECF No. 194) and Plaintiffs' Motion for Attorney Fees, Expenses, and Service Awards (ECF No. 195). This Final Order and Judgment resolves the litigation between Defendant Nissan North America Inc. and Plaintiffs Tracy Sanborn and Louis Lucrezia, who brought this action against Defendant on behalf of themselves and all others similarly situated.

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any class action settlement. The Eleventh Circuit has held that "in order to approve a settlement, the district court must find that the settlement is fair, adequate and reasonable and not the product of collusion between the parties." *Bennet v. Behring Corp.*, 737 F.3d 982, 986 (11th Cir. 1984) (internal quotation marks omitted). In *Bennet v. Behring Corp.*, the Eleventh Circuit set out the following factors for courts to weight in determining whether to approve the settlement: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the

complexity, expense and duration of litigation; (5) the substance and amount of opposition to the

settlement; and (6) the stage of the proceedings at which the settlement was achieved." *Id.*; *see*

*also Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011).  Furthermore, in

order to certify a class for purposes of settlement a court must find that the class meets the

requirements of Rule 23(a)—numerosity,  commonality, typicality, and adequacy—and Rule

23(b)(3)—predominance and superiority.

ACCORDINGLY, the Court having previously directed class notice of the proposed

settlement, afforded class members a full and fair opportunity to make any objections known,

and held a Fairness Hearing on January 5, 2017, it is hereby **ORDERED AND ADJUDGED** as

follows:

1.      This Judgment incorporates by reference the definitions and terms of the Parties'

Proposed Class Action Settlement Agreement ("Settlement") (ECF No. 191-2).

2.      All preliminary findings and conclusions in the Court's Preliminary Approval

Order (ECF No. 92) are hereby made final.  In particular, the Court affirms its findings that the

following settlement class ("Class") meets the requirements of Rule 23(a) and 23(b)(3) of the

Federal Rules of Civil Procedure:

> All consumers who are residents of, and purchased or leased a new or used 2008
> or 2009 Nissan Altima in, the State of Florida on or before April 1, 2017.  The
> Settlement Class excludes any people or businesses that did not purchase or lease
> the Class Vehicles as consumers, thereby excluding any automobile dealers of any
> kind or others who did not lease or purchase the Class Vehicles for ordinary
> consumer use.

3.      The Court finds that notice has been disseminated to the Class in Compliance

with the Court's Preliminary Approval Order and that the notice given was the best notice

practicable under the circumstances, fully satisfied due process and met the requirements of Rule

23.

4.      The Court finds that the Settlement is fair, reasonable, is in the best interests of the Class, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.  The Court has carefully considered and overruled all objections to the proposed settlement.

5.      The Court finds the attorney fees and costs requested by Class Counsel to be fair and reasonable.  The requested fee constitutes between 2.3% and 25% of the value of the settlement benefits made available to the Class, which is well within the range approved by the Eleventh Circuit.  *See, e.g., Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) (most fee awards fall between 20 to 30% of the value provided).  The fee is further warranted by the fact that Class Counsel expended more than 4,100 hours to this case on a purely contingent basis—time worth approximately $2,215,000 at their normal hourly rates; by the results obtained for class members; and by the difficulty and risks posed by the class's claims.  In addition, the Class Counsel's expenses were of the variety typically billed to clients in the normal course of business.  Accordingly, Class Counsel is hereby awarded attorney fees in the amount of $1,300,000, and costs in the amount of $348,000, to be paid by Defendant pursuant to the terms of the Settlement.

6.      The Court further finds the requested service awards are fair and reasonable, given the time and effort expended by the class representatives on behalf of the Class.  Plaintiff Tracy Sanborn and Plaintiff Louis Lucrezia are hereby awarded $5,000 each, to be paid by Defendant pursuant to the terms of the Settlement.

7.      The Release and Covenant Not to Sue set forth in the Settlement, in Section 5, is incorporated herein and is binding and effective on all Class Members who have not properly excluded themselves from the Class.

8.      The following persons have properly excluded themselves from the Class in compliance with the procedures set forth in the Court's Preliminary Approval Order:

    a.    David and Michel Dickson of Miami, FL (VIN 1N4AL**********83)
    b.    Ashley Harvey/Ashley Smith of Canastota, NY (VIN unavailable))
    c.    Jowanna Lamb of Orlando, FL (VIN 1N4AL**********71)
    d.    Rebecca A. Pelky of Jacksonville, FL (VIN unavailable)
    e.    Janice E. Riley of Leesburg, FL (VIN 1N4AL**********26)
    f.    Barry K. Waluzak of Riverview, FL (VIN 1N4AL**********99)

The persons so identified shall be neither entitled to benefits from the Settlement nor bound by this Final Order and Judgment.

9.      There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and Settlement; and (c) the Parties and the Class Members for the purpose of construing, enforcing, and administering the Settlement and all orders and judgments entered in connection therewith.

The Clerk of Court is instructed to CLOSE this case.  All other pending motions are DENIED AS MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _6th_ day of January, 2017.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

4